**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cr-00353-GMN-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOHN TACORDA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pending before the Court is the revocation of pretrial release for Defendant John Tacorda ("defendant"). Defendant made his initial appearance on January 27, 2016, wherein he was continued on bond pending revocation proceedings under 18 U.S.C. § 3148. (ECF No. 133).

**BACKGROUND**

An arrest warrant return was first issued as to defendant on October 29, 2014. (ECF No. 10). On November 25, 2014, defendant appeared before this Court and was released on bond, subject to Pretrial Services supervision, along with conditions of pretrial release. (ECF No. 37). Defendant appeared before this Court on August 3, 2015, for a change of plea hearing to enter a Plea Agreement. (ECF No. 81). Then, on January 21, 2016, the Court issued an arrest warrant based on allegations in the government's petition for action on conditions of pretrial release. (ECF No. 131). The government's petition alleges specific instances of defendant failing to follow drug testing and mental health requirements, along with defendant testing positive for cocaine. (*Id.*). On January 27, 2016, defendant appeared before the Court and was continued on bond pending a revocation hearing pursuant to 18 U.S.C. §§ 3142, 3148. (ECF No. 133). The revocation hearing was then held on February 18, 2016. (ECF No. 147).

**DISCUSSION**

When a condition of pretrial release is violated, a request to revoke release is heard under 18 U.S.C. § 3148. Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 . . . and who has violated a condition of his release, is subject to revocation of release, an order of detention, and a prosecution for contempt of court." *See* 18 U.S.C. § 3148(a). Section 3148 further

provides that:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
>
> (1) finds that there is–
>
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that–
>
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b)(1) and (2).

Section 3148 gives the judicial officer a choice between two alternatives. First, if there is probable cause to believe that a defendant has committed a crime while on release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(1)(A). "There is no limitation in § 3148(b) regarding the types of categories of Federal, State, or local crimes that will support an order revoking pretrial release." *United States v. Soria*, No. 2:11-CR-00156-LDG, 2011 WL 3651272, at *6 (D. Nev. Aug. 17, 2011). Although preferable, the failure of the government to identify the specific crimes allegedly committed while on release is not fatal to revocation. *Id.* at *8. Second, the court may find that there is clear and convincing evidence the person has violated the terms of release. 18 U.S.C. § 3148(b)(1)(B). If so, the court must determine, based on the factors set forth in

§ 3142(g), whether "there is no condition or combination of conditions that will assure that the person will not flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2)(A). Alternatively, if there is clear and convincing evidence of a violation and the court determines that "the person is unlikely to abide by any condition or combination of conditions of release," revocation is appropriate. 18 U.S.C. § 3148(b)(2)(B).

Here, the Court initiated revocation proceedings because defendant failed to comply with his pretrial release conditions. There is no allegation that defendant committed a federal, state, or local crime. Thus, the revocation hearing went forward on February 18, 2016, pursuant to 18 U.S.C. § 3148(b)(1)(B). Significantly, the Court finds no dispute with respect to defendant having violated the terms of his release. Thus, the Court now determines, based on the factors set forth in § 3142(g): (1) whether there is a condition or combination of conditions that assures the defendant will not flee and will not pose a danger to the community; or (2) whether the person is unlikely to abide by any condition or combination of conditions. 18 U.S.C. § 3148 (b)(2)(A)-(B). Upon review, the Court finds by a preponderance of the evidence that defendant has demonstrated himself unlikely to abide by any conditions or combination of conditions. Accordingly, this Court revokes defendant's pretrial release.

Based on the foregoing, **IT IS HEREBY ORDERED** that defendant's pretrial release is **revoked**.

DATED this __25__ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court